**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

EDWIN PABON

       Debtor.
-----------------------------------------------------------------x

Chapter 13

Case No. 24-36071 (KYP)

### MEMORANDUM DECISION AND ORDER (I) DISMISSING CHAPTER 13 CASE WITH A TWO-YEAR BAR, AND (II) DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS MOOT

**APPEARANCES:**

EDWIN PABON
*Pro Se*
6 Vanessa Lane
Staatsburg, New York 12580

CHAPTER 13 STANDING TRUSTEE
399 Knollwood Road
Suite 102
White Plains, New York 10603
By:    Thomas C. Frost, Esq.
         Of Counsel

GROSS POLOWY LLC
*Attorneys for Rushmore Servicing as Servicer for*
*U.S. Bank National Association*
1775 Wehrle Drive
Suite 100
Williamsville, New York 14221
By:    Ehret A. Van Horn, Esq.
         Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

## INTRODUCTION

Standing chapter 13 trustee Thomas C. Frost ("Trustee") has moved to dismiss the bankruptcy case filed by debtor Edwin Pabon ("Debtor" or "Mr. Pabon") and to bar the Debtor from filing another bankruptcy petition for a period of two years ("Trustee Motion").[1]  Rushmore Servicing, as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Creditor"), has moved for relief from the automatic stay to pursue its remedies with respect to the property ("Property") located at 6 Vanessa Lane, Staatsburg, New York 12580 ("Creditor Motion").[2]  For the reasons stated, the Trustee Motion is GRANTED, and the Creditor Motion is denied as moot.

## JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31, 2012 (Preska, C.J.), referring bankruptcy cases and proceedings to the Bankruptcy Judges of the Southern District of New York.  The matters raised in the Trustee Motion and Creditor Motion are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O).

---

[1]    *See Motion to Dismiss*, dated Feb. 3, 2025 (ECF Doc. # 41).  "ECF Doc. # _" refers to documents filed on the docket of this bankruptcy case.  "Foreclosure Action Doc. # _" refers to documents filed on the docket of the Foreclosure Action (defined below).  References to documents filed on the docket of a different case will include the case number of such case.

[2]    *See Motion for Relief from Stay*, dated Jan. 15, 2025 (ECF Doc. # 27).

## BACKGROUND

### A.    The Foreclosure Action and the Debtor's Bankruptcy Filings

In February 2007, an individual named Anthony Nieves borrowed $280,000 to purchase the Property and executed a mortgage providing the lender a security interest in the Property.  The Creditor is the current holder of the note and mortgage.[3]  In April 2013, a predecessor to the Creditor commenced an action in the Supreme Court of the State of New York, County of Dutchess ("State Court") against Mr. Nieves, Mr. Pabon, and others to foreclose on the Property ("Foreclosure Action").[4]  (Foreclosure Action Doc. # 1 (docket sheet listing filings between April 2013 and March 2021 including the summons and complaint dated April 25, 2013).)  On March 10, 2020, the State Court entered an *Order Confirming Referee Report and Judgment of Foreclosure and Sale* ("Foreclosure Judgment"), and, on March 18, 2021, the State Court entered an *Amended Order Confirming Referee Report and Judgment of Foreclosure and Sale* ("Amended Foreclosure Judgment").  (*See* Foreclosure Action Doc. ## 1, 5 (document attaching a copy of the Foreclosure Judgment), 8 (document attaching a copy of the Amended Foreclosure Judgment).)[5]

---

[3]    A copy of the note, mortgage and assignment of mortgage are attached to the Creditor Motion as Exhibit A.

[4]    *See U.S. Bank National Association, not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CTT v. Nieves, et al.*, Index No. 2021-80031 (N.Y. Sup. Ct.).

[5]    Creditor's counsel advised the State Court that Mr. Nieves passed away on November 25, 2021 but argued that the foreclosure sale be permitted to continue.  (Foreclosure Action Doc. # 14.)  The State Court agreed by entry of a notice on January 25, 2022.  (Foreclosure Action Doc. # 15 ("The Court finds that the Judgment of Foreclosure is valid and binding and may be enforced against the real property without the substitution of a representative for Nieve's estate.  See, Brovender v. Williams, 3 AD2d 841 [2d Dept. 1957] Campbell v. Goldome Realty Credit Corp., 209 AD2d 991 [4th Dept. 1994].  Accordingly, Plaintiff may schedule the foreclosure sale.").)

Following the entry of the Amended Foreclosure Judgment, the State-Court-appointed referee ("Referee") has been forced to schedule the public auction of the Property on numerous occasions because of the Debtor's serial bankruptcy filings. On September 28, 2022, the Referee served a Notice of Sale scheduling an auction of the Property for October 25, 2022. (Foreclosure Action Doc. # 25.) One day prior to the auction, the Debtor filed a Chapter 13 bankruptcy petition in this Court. *See In re Edwin Pabon*, Case No. 22-35669 (Bankr. S.D.N.Y.) ("October 2022 Petition"). On March 14, 2023, the Court granted the Creditor's motion for relief from the automatic stay, and, on March 31, 2023, the Court dismissed the case. (ECF Case No. 22-35669 Doc. ## 29, 31.)

On April 18, 2023, the Referee served another Notice of Sale scheduling an auction of the Property for May 18, 2023. (Foreclosure Action Doc. # 27.) On May 4, 2023, the Debtor filed another Chapter 13 bankruptcy petition in this Court. *See In re Edwin Pabon*, Case No. 23-35374 (Bankr. S.D.N.Y.) ("May 2023 Petition"). On July 25, 2023, the Court dismissed the case. (ECF Case No. 23-35374 Doc. # 36.)

On August 30, 2023, the Referee served yet another Notice of Sale scheduling an auction of the Property for October 2, 2023. (Foreclosure Action Doc. # 28.) This auction was also thwarted by the Debtor's filing yet another Chapter 13 petition on August 30, 2023. *See In re Edwin Pabon*, Case No. 23-35729 (Bankr. S.D.N.Y.) ("August 2023 Petition"). This case was dismissed on March 1, 2024. (ECF Case No. 23-35729 Doc. # 24.)

On March 13, 2024, the Debtor filed another Chapter 13 bankruptcy petition. *In re Edwin Pabon*, Case No. 24-35262 (Bankr. S.D.N.Y.) ("March 2024 Petition"). The Referee scheduled another auction of the Property for June 25, 2024 (*see* Foreclosure

4

Action Doc. # 33), but subsequently alerted the State Court that the Foreclosure Action was stayed by the filing of the March 2024 Petition. (Foreclosure Action Doc. # 34.) This Court dismissed the March 2024 Petition on August 15, 2024. (ECF Case No. 24-35262 Doc. # 45.)

On October 11, 2024, the Referee served a fifth Notice of Sale scheduling an auction of the Property for November 13, 2024. (Foreclosure Action Doc. # 36.) On October 28, 2024, the Debtor commenced the instant Chapter 13 case, thus canceling the November 13 auction. (*See* Foreclosure Action Doc. # 37 (letter from Creditor's counsel advising the State Court of this bankruptcy case).)[6]

**B.    The Motions**

The Creditor filed the Creditor Motion on January 15, 2025 arguing that the automatic stay should be vacated because its interest in the Property is not adequately protected, and the Debtor has failed to make post-petition mortgage payments. (Creditor Motion ¶¶ 5-8.) According to the Creditor, there is no equity in the Property because the current total indebtedness on the note and mortgage is $711,523.87, and the Debtor's schedules value the Property at $179,000. (*Id*. ¶¶ 5, 7.)

The Trustee filed the Trustee Motion on February 3, 2025 arguing that this case should be dismissed because:

- the Debtor has failed to provide the Trustee with copies of his 2023 federal and state tax returns and refunds, if any;

- the Debtor has failed to make 3 monthly plan payments to the Trustee resulting in an arrearage of $3,900;

---

[6]    Mr. Pabon previously filed one other Chapter 13 case on January 18, 2007, which was dismissed on March 8, 2007. *See In re Edwin Pabon*, Case No. 07-35067 (Bankr. S.D.N.Y.). Mr. Nieves likewise commenced five Chapter 13 cases in this Court, all of which were dismissed. *See* Case Nos. 08-36798 (Bankr. S.D.N.Y.), 08-37576 (Bankr. S.D.N.Y.), 10-36753 (Bankr. S.D.N.Y.), 15-35812 (Bankr. S.D.N.Y.), and 20-35258 (Bankr. S.D.N.Y.).

- the Debtor has failed to provide the Trustee with payment advices or other evidence of payment for the last 60 days before the date of the filing of the petition from any employer of the Debtor;

- the Debtor's Schedule I (showing a debtor's income) is substantially blank;

- the Debtor's proposed plan is not feasible because it does not provide for the full repayment of secured claims as required by 11 U.S.C. § 1325(a)(5);

- the Debtor's proposed plan proposes a plan payment that is higher than the disposable income set forth in his Schedules I and J;

- the Debtor has failed to file a plan using the approved model Chapter 13 plan for this District or serve the plan on the Trustee and creditors;

- the Debtor has failed to file evidence that he has completed an instructional course concerning personal financial management as required by 11 U.S.C. § 1328(g)(1); and

- the Debtor has failed to file a certification that any amounts payable under a domestic support obligation have been paid as required by 11 U.S.C. § 1328(a).

(Trustee Motion ¶¶ 6-9.)  Further, the Trustee requests that the Court bar the Debtor from filing another bankruptcy petition for a period of two years "[i]n light of the Debtor's history of bad faith filings . . . ."  (*Id.* ¶¶ 2-3.)

The Court held a hearing on both motions on February 25, 2025 and took the matters under advisement.

## DISCUSSION

### A.    Dismissal With Two-Year Bar is Warranted

Dismissal of a Chapter 13 case is governed by 11 U.S.C. § 1307(c), which provides, in pertinent part, as follows:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1307(c).  Subsection (c) identifies eleven separate circumstances warranting

dismissal, *see* 11 U.S.C. § 1307(c)(1) – (11), but the list is not exhaustive.  *In re Lin*, 499

B.R. 430, 435 (Bankr. S.D.N.Y. 2013).  "Although 11 U.S.C. § 1307(c) does not expressly

equate bad faith with 'cause,' the bankruptcy court can also dismiss the petition . . .

under § 1307(c) if the debtor files his petition in bad faith."  *Id*. (quoting *In re Eatman*,

182 B.R. 386, 392 (Bankr. S.D.N.Y. 1995)).  "To determine whether a debtor filed [his]

petition in bad faith, the Court must review the totality of the circumstances."  *Id*. (citing

*Eatman*, 182 B.R. at 392).  The totality of the circumstances "should take into

consideration whether the debtor has abused the 'provision, purpose or spirit' of the

Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors."  *In re

Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love*, 957 F.2d

1350, 1357 (7th Cir. 1992)).  Pursuant to section 349(a) of the Bankruptcy Code,

dismissal of a bankruptcy case does not bar the debtor from filing a subsequent

bankruptcy petition (except as provided in section 109(g)), "[u]nless the court, for cause,

orders otherwise."  11 U.S.C. § 349(a).

     "The filing of a bankruptcy petition merely to prevent foreclosure, without the

ability or the intention to reorganize, is an abuse of the Bankruptcy Code."  *In re

Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) (citing supporting authorities).

"Serial filings are a 'badge' of bad faith . . . as are petitions filed to forestall creditors."

*Id*. (quoting *In re Spectee Grp., Inc.*, 185 B.R. 146, 156 (Bankr. S.D.N.Y. 1995) and citing

*Eatman*, 182 B.R. at 392); *accord Casse v. Key Bank Nat'l Ass'n*, (*In re Casse*), 198 F.3d

327, 332 (2d Cir. 1999).  Further, in *Casse*, the Second Circuit affirmed a filing bar

against serial filers who were filing bankruptcy petitions to frustrate a secured creditor's

foreclosure rights.  198 F.3d at 339 ("We take this opportunity to ally ourselves with the

Fourth Circuit and the great majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days."); *id*. at 342 ("Given the Casses' manifest and abusive bad faith and the court's just purpose in allowing Key Bank to proceed with its long-delayed foreclosure remedy, we find no abuse of discretion.").

Here, the Debtor has filed his bankruptcy petitions to frustrate the Creditor's foreclosure rights.  The Amended Foreclosure Judgment was entered in March 2021, and the Referee has since scheduled *five* foreclosure auctions of the Property.  Each of the scheduled auctions was canceled as a result of the filing of the Debtor's October 22 Petition, May 2023 Petition, August 2023 Petition, March 2024 Petition, and the instant Chapter 13 petition.  The filing of the current bankruptcy petition was a continuation of the Debtor's efforts to forestall the foreclosure.

Further, none of the Debtor's prior Chapter 13 cases resulted in a confirmed plan, and each case was dismissed, often within a few months of filing.  The current case is no different.  As outlined in the Trustee's Motion, the Debtor has failed to submit required documents for the Trustee's review, make required plan payments, file complete schedules, or file a confirmable plan.[7]

Based on totality of the circumstances, the Court finds that the Debtor filed this bankruptcy petition in bad faith, and the case must be dismissed.  Moreover, to ensure that the Debtor will not simply file yet another bankruptcy petition to further frustrate

---

[7]      These deficiencies likely give rise to an independent basis for dismissal under 11 U.S.C. § 1307(c). As the Court is dismissing the case on bad faith grounds, it need not examine if other "cause" exists to dismiss the case.

the Creditor's foreclosure rights, the Court will issue a bar preventing the Debtor from filing another bankruptcy petition for a period of two years. *See In re Russbach-Esposito*, Case No. 21-30293 (AMN), 2021 WL 3669112, at *2 (Bankr. D. Conn. Aug. 18, 2021) (concluding that the debtor's fourth bankruptcy case was not filed in good faith and imposing a temporary filing bar because "dismissing the case without a bar will create the opportunity for a fifth bankruptcy case to thwart the long-pending state court foreclosure action"); *U.S. Bank, Nat'l Ass'n v. Llangari-Pico* (*In re Llangari-Pico*), Case No. 20-50058 (JAM), 2020 WL 2500625, at *3 (Bankr. D. Conn. May 14, 2020) (dismissing a bankruptcy case on bad faith grounds and issuing a two-year filing bar where the debtor and her husband filed five bankruptcy cases "just before scheduled law days" in the creditor's foreclosure proceeding).

## B.    Stay Relief is Moot

The Creditor Motion seeks relief from the automatic stay, but the relief sought is mooted by the dismissal of the case. *See* 11 U.S.C. § 362(c)(2)(B) (providing that the stay ends when the case is dismissed). In fact, the stay was never in effect in this case. Pursuant to 11 U.S.C. § 362(c)(4)(A), the automatic stay does not go into effect in a bankruptcy case of an individual who had two or more prior cases pending in the previous year that were dismissed. The Debtor commenced the current case on October 28, 2024. In the year prior, two of the Debtor's previous cases were pending and eventually dismissed. (*See* Case No. 23-35729 (dismissed on March 1, 2024); Case No. 24-35262 (dismissed on August 15, 2024).)[8] Therefore, the automatic stay did not take effect.

---

[8]    An interested party may request, within 30 days of the filing of the latter case, that the stay take effect in such case. 11 U.S.C. § 362(c)(4)(B). No party made such motion in this case.

## ORDER

For the reasons stated, it is hereby:

**ORDERED**, that the Trustee Motion is GRANTED; it is further

**ORDERED**, that, pursuant to 11 U.S.C. §§ 1307(c), 349(a), and 105(a), this Chapter 13 bankruptcy case is dismissed for cause, and the Debtor is barred from filing for relief under any Chapter of the Bankruptcy Code for a period of two (2) years from the date of this Order; and it is further;

**ORDERED** that the Creditor Motion is denied as moot; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order upon the Debtor at the address listed on the Debtor's Chapter 13 petition.

/s/ **Kyu Y. Paek**



**Dated: March 4, 2025**
**Poughkeepsie, New York**

_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**